IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| JOEL AARON SILBERMANN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. PWG-15-2344 |
| | * | |
| DEE AKINLAYO ADETUTU, | * | |
| | * | |
| Defendant. | * | |
| | *** | |

## MEMORANDUM OPINION AND ORDER

Joel Aaron Silbermann, a self-represented plaintiff, filed this Complaint, ECF No. 1, on August 10, 2015, accompanied by a motion to proceed in forma pauperis, ECF No. 2. Silberman will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments. Additionally, because Silvermann may have a cognizable claim, he will be granted fourteen days to supplement his complaint.

### Discussion

Silbermann states the facts of the case are as follows:

> Under 800 [42 U.S.C. 3601] I hebuy [sic] complain of housing discrimination. Wheras [sic] landlord refuses to provide adequate [sic] food and shelter due to my race religion and beliefe [sic] I will place rent in escrow until [sic] beneficiaries are corrected or eviction notice is served by U.S. Marshall [sic]. The Defendant is African and I am caucasion [sic].

Complaint 2. Defendant Dee Akinlayo Adetutu and Plaintiff are both shown as residing at 8002 78th Avenue, Hyattsville, Maryland. ECF No. 1-2. Silbermann has also filed a handwritten "notice" of eviction for the owner of 8002 78th Avenue, Hyattsville, Maryland. ECF No. 1-1.

Silbermann is also requesting damages of $900 million and "prevention from further discrimination or lean [sic] on their property. Compl. 3.[1]

As noted, Silbermann's complaint has been accepted for filing under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires a court to dismiss any claim that fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(ii). In this context, a federal judge has an obligation to construe the pleadings of self-represented litigants liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

In evaluating a pro se complaint, a plaintiff's allegations are assumed to be true. *Id.* at 93–94 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented.").

In an abundance of caution, I will grant Silbermann fourteen days to supplement the complaint to (1) explain his relationship with Dee Akinlayo Adetutu; (2) to describe in detail how Defendant discriminated against him on the basis of his race, religion, and beliefs; (3) to provide the dates when Defendant allegedly discriminated against him; and (4) to address whether he has raised his claims with any other local, state, or federal authority and the result. Failure to comply may result in dismissal of this complaint without prejudice and without further notice from the court.

---

[1] The Court notices that Silbermann has filed eight self-represented civil actions in this District since August 6, 2015.

2

## **ORDER**

Accordingly, it is this \_\_\_\_14th\_\_\_\_ day of October, 2015, by the United States District Court for the District of Maryland, hereby ordered:

1. The Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, IS GRANTED;

2. Plaintiff IS GRANTED fourteen days from the date this Order is signed to supplement the Complaint; and

3. The Clerk SHALL MAIL a copy of this Order to Plaintiff.

\_\_\_\_/S/_____
Paul W. Grimm
United States District Judge